Filed 12/10/21  P. v. Coles CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>REGINALD COLES,<br><br>     Defendant and Appellant. | E077817<br><br>(Super.Ct.No. RIF1105613)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Allen G Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Reginald Coles appeals the Riverside County Superior Court's denial of his petition for resentencing made pursuant to section 1170.95 of the Penal Code.[1]  We affirm.

**BACKGROUND**

*1.  The circumstances leading to defendant's conviction*

The background leading up to defendant's petition for resentencing is taken from the charging documents in the clerk's transcript and our opinion issued in defendant's appeal from the judgment.  (*People v. Coles* (Oct. 15, 2014, E057946) [nonpub. opn.].)

In 2011, defendant and his wife got into an argument that escalated into physical violence.  When defendant's brother-in-law (the victim) learned of the incident, he went to defendant's house intending to spend the night with his sister and her two children.  Later that day, defendant returned home and got into another argument with his wife.  When the victim came to her defense, defendant stabbed him repeatedly, inflicting mortal wounds.

The People charged defendant with willful unlawful murder committed with deliberation, premeditation, and malice aforethought.  A jury convicted him of second degree murder in violation of section 187, subdivision (a).

Defendant appealed his conviction to this court and we affirmed.  (*People v. Coles*, *supra*, E057946.)

---

[1]  All further statutory references are to the Penal Code.

## 2. *Defendant's petition for resentencing*

On January 1, 2019, Senate Bill No. 1437 became effective. (Stats. 2018, ch. 1015 (SB 1437).) That measure amended sections 188 (defining malice) and 189 (defining degrees of murder) to limit the reach of the felony murder rule and to eliminate the natural and probable consequences doctrine as it relates to murder. (SB 1437) The bill also added section 1170.95, which created a procedure for convicted murderers who could not be convicted under the law as amended to seek relief retroactively. (SB 1437)

In June 2021, defendant submitted a petition to the trial court pursuant to section 1170.95. Upon receipt of the petition, the clerk noticed a status conference.

Defendant was not present but was represented by counsel at the July 2021 status conference and again at the August 2021 status hearing. At the hearing, counsel for the People stated he had reviewed the file and found no instructions on natural and probable consequences or felony murder. He had shared his notes with defendant's counsel. Defendant's counsel agreed with the People. The court dismissed the petition.

Defendant appealed and we appointed counsel to represent him.

## DISCUSSION

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S 738, which sets forth a statements of the case and but no statement of facts. Counsel declined to suggest any arguable issues.

3

Counsel posits this court is required to independently review the entire record on appeal. When, in an indigent defendant's first appeal of right, appointed appellate counsel files an opening brief that does not present an arguable issue, it is well settled that the appellate court must offer the defendant an opportunity to submit a personal supplemental brief and to review the entire record whether or not the defendant files a brief. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

Not settled, however, is what procedures the reviewing court should follow in cases in which appointed appellate counsel files a no-issues brief in a defendant's appeal from an order denying a post-judgment motion. That question is pending before our Supreme Court in a number of cases, including in *People v. Scott* (2020) 58 Cal.App.5th 1127, 1131 (*Scott*), review granted March 17, 2021, S266853.

In *Scott,* one panel in this division concluded there is no reason to conduct an independent review of the record if counsel files a no-issues brief in a post-judgment appeal and, if a defendant fails to file a supplemental brief in such a case, the court should simply dismiss the appeal as abandoned. (*Scott*, *supra*, 58 Cal.App.5th at pp. 1131-1132 (but see dis. opn. of Miller, J.); accord *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted, May 12, 2021, S267870.)

In *People v. Gallo* (2020) 57 Cal.App.5th 594 (*Gallo*), another panel of this court concluded the interests of justice call for independent review of the record in post-judgment no-issue appeals even if the defendant has not filed a supplemental brief. (*Id.* at p. 599 (but see dis. opn. of Menetrez, J.); accord *People v. Flores* (2020) 54

4

Cal.App.5th 266, 269 [when an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, reviewing court is not required to independently review the entire record, but the court can and should do so in the interests of justice]; see *People v. Allison* (2020) 55 Cal.App.5th 449, 456 [court of appeal has the discretion to review the record in the interests of justice].)

We respectfully disagree with *Scott* and find the procedure in *Gallo* provides indigent defendants an additional layer of due process while consuming comparatively little in judicial resources.

Here, we offered defendant an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, and in keeping with *Gallo*, *supra*, 57 Cal.App.5th 594, we have independently reviewed the record for potential error and find no arguable issues.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
              P. J.


We concur:

MILLER
    J.

CODRINGTON
    J.

5